LAWRENCE BREWSTER, Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
California State Bar No. 256653
NORMAN E. GARCIA, Senior Trial Attorney
California State Bar No. 215626
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7747
Facsimile: (415) 625-7772

Attorneys for Hilda L. Solis, Secretary of Labor,
United States Department of Labor, Plaintiff

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> D.L. SILVA, INC., dba CUSTOM AIR, fdba, SUNSET HOME AND HEARTH, a corporation; DENNETTE DORES, an individual; DANIEL SILVA, an individual; ESTATE OF DENNIS L. SILVA, probate estate of an individual; the CUSTOM AIR EMPLOYEE BENEFIT TRUST, an employee health benefit plan. <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR VIOLATIONS OF ERISA** |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges:

## JURISDICTION

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1191c, and is

brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

   2.   This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

   3.   Venue of this action lies in the Eastern District of California, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Custom Air Employee Benefit Trust ("Plan") that Defendant D.L. Silva, Inc., dba Custom Air, fdba, Sunset Home And Hearth ("Custom Air") established was administered in Turlock, California, within this district.

## DEFENDANTS

   4.   The Plan is, and was at all relevant times to this Complaint, an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3). Accordingly, the Plan is subject to the provisions of Title I of the Act, pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). The Plan was established and maintained by an employer engaged in commerce or in an industry or activity affecting commerce and is subject to Title I of ERISA pursuant to ERISA §§ 4(a)(1) and 401, 29 U.S.C. §§ 1003(a)(1) and 1101(a). During all times relevant to this Complaint, the Plan was and has been administered in Stanislaus County, California.

   5.   At all times relevant to this Complaint, Defendant Custom Air was and is the sponsor and Plan Administrator of the Plan, a fiduciary of the Plan within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i)

and (iii), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

6.      At all times relevant to this Complaint, Defendant Daniel Silva, named trustee of the Plan, was and is a fiduciary of the Plan, within the meaning of ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (F) and (H), 29 U.S.C. § 1002(14)(A), (F) and (H).

7.      At all times relevant to this Complaint, Defendant Dennette Dores exercised discretionary control over the disposition of assets of the Plan and, thus, was and is a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (F) and (H), 29 U.S.C. § 1002(14)(A), (F) and (H).

8.      At all times relevant to this Complaint, decedent Dennis Silva exercised discretionary control over the disposition of assets of the Plan and, thus, was and is a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

9.      The estate of Dennis Silva is named as a Defendant because Dennis Silva died in September 2009 and his estate is now responsible for the payment of his debts.

10.     The Plan is named as a Defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to assure that complete relief can be granted.

//
//
//
//

## ALLEGATIONS: FAILURE TO REMIT EMPLOYEE CONTRIBUTIONS TO THE PLAN AND FAILURE TO DO SO TIMELY

11.     Paragraphs 1 through 10 above are realleged and incorporated herein by reference.

12.     The Plan was established in 2005 by Defendant Custom Air.  The Plan is in the form of a trust and serves, *inter alia*, as an employee pension benefit plan and an employee welfare benefit plan.

13.     The Plan's governing documents, which were adopted by Custom Air and signed by Defendants Daniel Silva and Dennette Dores, provided, in pertinent part that: (1) participants could make salary-reduction contributions to the Plan and that such deferred amounts would be contributed to the Plan; (2) Custom Air and the Trustee, Daniel Silva, would collect and remit a participant's fringe benefit prevailing wage contributions to the Plan; (3) these salary-reduction contributions and fringe benefit prevailing wage contributions would be used to purchase welfare benefit plans for the Plan's participants and their families and/or be allocated to the individual participants' pension accounts; and (4) these salary-reduction contributions and fringe benefit prevailing wage contributions were due and payable on or before the 10th day of each month.

14.     During the period from January 2006 through March 2007, Defendants Daniel Silva, Dennette Dores and decedent Dennis Silva caused Defendant Custom Air to withhold $22,558.86 from employees' pay for salary reduction contributions to the Plan and failed to remit the amounts so withheld.

15.     During the period from February 2005 through March 2007, Defendants Daniel Silva, Dennette Dores and decedent Dennis Silva caused Defendant Custom Air to fail to timely remit employee salary-reduction contributions to the Plan.

16. During the period from January 2006 through March 2007, Defendants Custom Air and Daniel Silva failed to collect and remit approximately $81,953.76 in Davis-Bacon prevailing wage fringe benefit contributions to the Plan.

17. During the period from February 2005 through March 2007, Defendants Custom Air and Daniel Silva failed to timely collect and remit Davis-Bacon prevailing wage fringe benefit contributions to the Plan.

18. During the period from October 2005 through March 2007, Defendants Custom Air, Daniel Silva and Dennette Dores and decedent Dennis Silva caused assets of the Plan to be placed and held in a non-interest bearing bank account.

19. As of the date of this Complaint, Defendants Custom Air, Daniel Silva and Dennette Dores, decedent Dennis Silva, and the estate of Dennis Silva have not restored to the Plan the principal amount of unremitted salary-reduction contributions, the principal amount of the Davis-Bacon prevailing wage fringe benefit contributions or the lost-opportunity costs suffered as a direct result of the described remittance/collection delays and failures.

20. By the conduct described in paragraphs 11-19 above, Defendants Custom Air, Daniel Silva and Dennette Dores and decedent Dennis Silva:

    a. caused the assets of the Plan to inure to the benefit of an employer, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

    b. failed to discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plans, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

      c.    failed to discharge their fiduciary duties with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

      d.    failed to administer the Plan in accordance with the terms of the governing Plan documents and ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

      e.    caused the Plan to engage in transactions which they knew or should have known constituted a transfer to, or use by, or for the benefit of, parties in interest, of assets of the Plan in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

      f.    dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

      g.    in their individual or other capacity, acted in transactions involving the Plan on behalf of a party (or represented a party) whose interests were adverse to the interests of the Plan or the interests of the Plan's participants or beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

21.    As a direct and proximate result of the breaches of fiduciary duties committed by Defendants Custom Air, Daniel Silva and Dennette Dores and decedent Dennis Silva, as described in paragraph 20 above, the Plan has suffered losses, including lost-opportunity costs, for which Defendants Custom Air, Daniel Silva and Dennette Dores, decedent Dennis Silva and the estate of Dennis Silva, are jointly and severally liable pursuant to ERISA § 409, 29 U.S.C. § 1109.

22.    Defendant Custom Air is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 11 through 20, above because (i) it knowingly participated in, or knowingly undertook to

conceal, acts or omissions, of Defendants Daniel Silva and Dennette Dores and decedent Dennis Silva, knowing such acts or omissions were breaches; (ii) it enabled Defendants Daniel Silva and Dennette Dores and decedent Dennis Silva to commit such breaches by its failure to comply with § 404(a)(1)(A), (B) and (D), 11 U.S.C. § 1104(a)(1)(A), (B) and (D), in the administration of its specific responsibilities which gave rise to its status as a fiduciary; or (iii) it had knowledge of the breaches of Defendants Daniel Silva and Dennette Dores and decedent Dennis Silva and failed to make reasonable efforts under the circumstances to remedy such breaches.

23. Defendant Daniel Silva is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 11 through 20, above because (i) he knowingly participated in, or knowingly undertook to conceal, acts or omissions, of Defendants Custom Air and Dennette Dores and decedent Dennis Silva, knowing such acts or omissions were breaches; (ii) he enabled Defendants Custom Air and Dennette Dores and decedent Dennis Silva to commit such breaches by his failure to comply with § 404(a)(1)(A), (B) and (D), 11 U.S.C. § 1104(a)(1)(A), (B) and (D), in the administration of his specific responsibilities which gave rise to his status as a fiduciary; or (iii) he had knowledge of the breaches of Defendants Custom Air and Dennette Dores and decedent Dennis Silva and failed to make reasonable efforts under the circumstances to remedy such breaches.

24. Defendant Dennette Dores is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 11 through 20, above because (i) she knowingly participated in, or knowingly undertook to conceal, acts or omissions, of Defendants Custom Air and Daniel Silva and decedent Dennis Silva, knowing such acts or omissions were breaches; (ii) she enabled Defendants Custom Air and Daniel Silva and decedent Dennis

Silva to commit such breaches by her failure to comply with § 404(a)(1)(A), (B) and (D), 11 U.S.C. § 1104(a)(1)(A), (B) and (D), in the administration of her specific responsibilities which gave rise to her status as a fiduciary; or (iii) she had knowledge of the breaches of Defendants Custom Air and Daniel Silva and decedent Dennis Silva and failed to make reasonable efforts under the circumstances to remedy such breaches.

25. Decedent Dennis Silva is liable as a co-fiduciary pursuant to ERISA § 405(a), 29 U.S.C. § 1105(a), for the violations alleged in paragraphs 11 through 20, above because (i) he knowingly participated in, or knowingly undertook to conceal, acts or omissions, of Defendants Custom Air, Daniel Silva and Dennette Dores, knowing such acts or omissions were breaches; (ii) he enabled Defendants Custom Air, Daniel Silva and Dennette Dores to commit such breaches by his failure to comply with § 404(a)(1)(A), (B) and (D), 11 U.S.C. § 1104(a)(1)(A), (B) and (D), in the administration of his specific responsibilities which gave rise to his status as a fiduciary; or (iii) he had knowledge of the breaches of Defendants Custom Air, Daniel Silva and Dennette Dores and failed to make reasonable efforts under the circumstances to remedy such breaches.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A. Ordering Defendants Custom Air, Daniel Silva and Dennette Dores and the estate of Dennis Silva to restore to the Plan any losses, including lost-opportunity costs, resulting from fiduciary breaches committed by these Defendants or decedent Dennis Silva or for which they are liable;

B. Ordering Defendants Custom Air, Daniel Silva and Dennette Dores and the estate of Dennis Silva to correct the prohibited transactions in which

Defendants Custom Air, Daniel Silva, Dennette Dores and decedent Dennis Silva engaged or which Defendants Custom Air, Daniel Silva, Dennette Dores and decedent Dennis Silva caused the Plan to engage;

 C. Permanently enjoining Defendants Custom Air, Daniel Silva and Dennette Dores from violating the provisions of Title I of ERISA;

 D. Permanently enjoining Defendants Daniel Silva and Dennette Dores from serving as a fiduciary of, or service provider, to any ERISA-covered employee benefit plan and removing them from any positions they now hold as a fiduciary of the Plan;

 E. Appointing an independent fiduciary to take over the operation of the Plan and order an accounting of all the Plan's assets, to marshal the assets of the Plan, to distribute any proceeds which accrue to the Plan, to terminate the Plan, if necessary and feasible to do so and conclude any Plan-related matters connected with the proper termination of the Plan;

 F. Requiring Defendants Custom Air, Daniel Silva and Dennette Dores and the estate of Dennis Silva to pay for all costs associated with the appointment and retention of the independent fiduciary;

 G. Requiring the Defendants Custom Air, Daniel Silva and Dennette Dores and the estate of Dennis Silva to cooperate with the independent fiduciary;

///

H. Awarding the Secretary the costs of this action; and

I. Ordering such further relief as is appropriate and just.

DATED: August 31, 2010

                Respectfully Submitted,

                M. PATRICIA SMITH
                Solicitor of Labor

                LAWRENCE BREWSTER
                Regional Solicitor

                DANIELLE L. JABERG
                Counsel for ERISA

                  /s/ Norman E. Garcia
                NORMAN E. GARCIA
                Senior Trial Attorney

                Attorneys for Plaintiff