LAWRENCE BREWSTER, Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
California State Bar No. 256653
NORMAN E. GARCIA, Senior Trial Attorney
California State Bar No. 215626, garcia.norman@dol.gov
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7747
Facsimile: (415) 625-7772

Attorneys for Hilda L. Solis, Secretary of Labor,
United States Department of Labor, Plaintiff

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>D.L. SILVA, INC., dba CUSTOM AIR, fdba, SUNSET HOME AND HEARTH, a corporation; DENNETTE DORES, an individual; DANIEL SILVA, an individual; ESTATE OF DENNIS L. SILVA, probate estate of an individual; the CUSTOM AIR EMPLOYEE BENEFIT TRUST, an employee health benefit plan..<br><br>Defendants. | Case No.: 2:10-cv-02347-MCE-DAD<br><br>**CONSENT JUDGMENT & ORDER** |

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("the Secretary") pursuant to her authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(2) and (5), has filed a Complaint against Defendants D.L. SILVA, INC. dba CUSTOM AIR, fdba SUNSET HOME AND HEARTH, a corporation ("Custom Air");

DENNETTE DORES ("Dores"), an individual; DANIEL SILVA ("Silva"), an individual; ESTATE OF DENNIS L. SILVA, probate estate of an individual ("the Estate"); the CUSTOM AIR EMPLOYEE BENEFIT TRUST, an employee health benefit plan ("the Plan") (collectively, "the Defendants").[1]

A. The Secretary and Defendants (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the Eastern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

B. The parties agree to the entry of this Consent Judgment & Order. The parties further agree that this Consent Judgment & Order shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

C. All parties expressly waive Findings of Fact and Conclusions of Law.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Defendants Custom Air, Dores, Silva, and the Estate are jointly and severally liable for $120,603.90 in Plan losses and lost-opportunity costs caused to the Plan as alleged in the Secretary's Complaint, and judgment is hereby entered against them in that amount.

2. Defendants Custom Air, Dores, Silva, and the Estate shall, by May 15, 2011, restore $120,603.90 in Plan losses and lost-opportunity costs to the Plan by tendering such amount to the Independent Fiduciary identified in Paragraph 5, *infra.*

3. Defendants Custom Air, Dores and Silva are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

---

[1] The Custom Air Employee Benefit Trust is named in the Secretary's Complaint as a party necessary for complete relief pursuant to Fed. R. Civ. P. 19(a).

4. Defendants Dores and Silva are hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA-covered employee benefit plan.

5. Defendants Custom Air and Silva hereby appoint Stephen Page as the Independent Fiduciary to the Plan.

6. Stephen Page, as the Independent Fiduciary, has the following duties and responsibilities:

a. The Independent Fiduciary shall collect, marshal, pay out and administer all of the assets of the Plan and take further action with respect to the Plan as appropriate, including terminating the Plan when all of its assets have been distributed to all eligible participants and beneficiaries;

b. The Independent Fiduciary shall, pursuant to the procedures outlined in the Employee Benefits Security Administration's Field Assistance Bulletin 2004-02, exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution under the terms of the Plan;

c. The Independent Fiduciary shall have all the rights, duties, discretion, and responsibilities of a trustee, fiduciary, and Plan Administrator under ERISA;

d. The Independent Fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law and may retain such as assistance as he may require, including attorneys, accountants, actuaries, and other service providers;

e. The Independent Fiduciary shall bill Defendants Dores, Silva, and the Estate for its costs for serving as the Independent Fiduciary;

f. The Independent Fiduciary shall have full access to all data, information, and calculations in the possession of the Plan and under its control,

including information and records maintained by the custodial trustees or service providers of the Plan;

   g. The Independent Fiduciary is authorized to give instructions respecting the disposition of assets of the Plan; and

   h. The Independent Fiduciary shall comply with all applicable rules and laws.

  7. Defendants Dores, Silva, and the Estate are jointly and severally liable for paying all fees and costs of the Independent Fiduciary within 30 days of receiving the bill.

  8. Within ten days of the Court's entry of this Consent Judgment & Order, Defendant Silva shall provide a copy of this Consent Judgment & Order to the Independent Fiduciary, Stephan Page, named in Paragraph 5

  9. Defendants Dores, Silva and the Estate hereby forfeit any interest they may have in any amounts restored to the Plan as a result of this Complaint and Consent Judgment & Order.  In addition, a spousal waiver has been executed by any person who claims or who may claim through Defendant Silva any interest in any amounts restored to the Plan under this Complaint and Consent Judgment & Order.  An executed copy of the spousal waiver, the terms of which are incorporated into this Consent Judgment & Order by reference, is attached as Exhibit A.

  10. Defendants shall cooperate fully with the Independent Fiduciary herein appointed by the Court by, among other things, providing documents or information any Defendant may have in his, her or its actual or constructive possession which may be relevant to the Plan's administration and management.

  11. This Consent Judgment & Order does not in any manner affect the right of the United States Department of Labor to assess a civil penalty of twenty percent on amounts recovered pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l).  Defendants Custom Air, Dores, Silva, and the Estate agree to waive the notice of assessment and

service requirement of 29 C.F.R. § 2570.83.  Upon assessment, payment shall be made immediately unless Defendants Custom Air, Dores, Silva, and the Estate file a petition for waiver or reduction of the penalty as provided for in 29 C.F.R. §§ 2570.83–2570.87 and the Secretary agrees to waive or reduce the penalty.  Defendants Custom Air, Dores, Silva, and the Estate may not challenge the applicable recovery amount, the validity of the violations alleged, or their liability for the violations.

12. The parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

13. Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

14. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

15. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

16. This Consent Judgment & Order may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

The Court directs the entry of this Consent Judgment & Order as a final order.

IT IS SO ORDERED.

Date:  April 14, 2011

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

Entry of this Consent Judgment & Order is hereby consented to:

Dated:    4/8/11              M. PATRICIA SMITH
                              Solicitor of Labor

                              LAWRENCE BREWSTER
                              Regional Solicitor

                              DANIELLE L. JABERG
                              Counsel for ERISA


                              By:   /s/ Norman E. Garcia
                                    NORMAN E. GARCIA
                                    Senior Trial Attorney

                              Attorneys for HILDA L. SOLIS,
                              Secretary of Labor,
                              United States Department of Labor

Dated:    4/6/11                       /s/ Nickolas D. Yano

    NICKOLAS D. YANANO

    Warda & Yonano LLP

    2350 W. Monte Vista Ave.

    Turlock, CA  95382


    (209) 667-1809


    Attorney for Defendants

Dated:    4/5/11                       /s/ Dennette Dores

    D.L. SILVA, INC., dba CUSTOM AIR, fdba,

SUNSET HOME AND HEARTH

Dennette Dores, Corporate Secretary

Dated:     4/5/11                                        /s/ Dennette Dores
     DENNETTE DORES

Dated:     4/8/11                                        /s/ Daniel Silva
     DANIEL SILVA

Dated:     4/5/11                                        /s/ Dennette Dores
     ESTATE OF DENNIS L. SILVA,

Dennette Dores, Administrator of Estate

Dated:     4/5/11                                        /s/ Dennette Dores
     CUSTOM AIR EMPLOYEE BENEFIT TRUST,

Dennette Dores, Corporate Secretary

# EXHIBIT A - CONSENT OF SPOUSE TO WAIVER OF BENEFITS

**NAME OF PLAN:** CUSTOM AIR EMPLOYEE BENEFIT TRUST.

I, <u>Deserie Silva</u>, declare that:

1. I am the wife of Daniel Silva and hereby consent to my husband's waiver of all rights to receive any benefit payments and return of contributions from the CUSTOM AIR EMPLOYEE BENEFIT TRUST, including my interest in receiving survivorship benefits under the CUSTOM AIR EMPLOYEE BENEFIT TRUST.

2. I have read and fully understand the Consent Judgment & Order, of which this Consent of Spouse to Waiver of Benefits is a part.

3. This waiver constitutes an effective waiver of any right I may have to that portion of the qualified joint and survivor annuity and/or qualified preretirement survivor annuity form of benefit, pursuant to § 205(c) of ERISA, 29 U.S.C. § 1055(c), which is being forfeited pursuant to the aforementioned Consent Judgment & Order, or which may be forfeited in the future, as described in Paragraph 1.

Dated: <u>4/8/11</u>

<u>　　/s/ Deserie Silva　　</u>

Sworn and subscribed before me this <u>8th</u> day of <u>April</u>, 2011.

<u>　　/s/ Roxanne Albaugh　　</u>
NOTARY PUBLIC
My Commission Expires: June 29, 2013
(Knowingly and willfully making false, fictitious, or fraudulent statements to the United States Department of Labor is punishable under Title 18, § 1001, United States Code.)

Consent Judgment & Order
<u>Solis v. Custom Air</u>, <i>et al</i>.　　　　Case No.: 2:10-cv-02347-MCE-DAD　　　　Page 8